(C.D. 2489)

Ziel & Co., Inc.
Hoyt, Shepston & Sciaroni } *v.* United States

United States Customs Court, Third Division

(Decided October 28, 1964)

*Glad & Tuttle* (*George R. Tuttle, Jr.*, and *Edward N. Glad* of counsel) for the plaintiffs.

*John W. Douglas*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges

DONLON, Judge: Plaintiffs, an importer and its customs broker, claim that certain fruits which were imported at San Francisco, from New Zealand, and were described as Kiwi fruit, or Chinese gooseberries, ought to be classified in liquidation as berries under paragraph 736, as modified. The collector liquidated them as fruits, under modified paragraph 752.

The competing tariff provisions are as follows:

[Par. 752, as modified by the General
  Agreement on Tariffs and Trade
  (T.D. 51802), made effective
  March 16, 1949, by T.D. 52167.]

Fruits (except watermelons) in their
  natural state, not specially
  provided for:
    *     *     *     *     *     *     *
     Fruits, other than melons_____ 17½% ad val.

[Par. 736, as modified by the General
  Agreement on Tariffs and Trade
  (T.D. 51802).]

Berries, edible:
    In their natural condition or in brine:
    *     *     *     *     *     *     *
     Other_____ ¾¢ per lb.

Plaintiffs adduced the testimony of two witnesses and introduced into evidence three exhibits. Defendant introduced one exhibit and adduced no testimony.

The argument advanced in plaintiffs' brief is that this Kiwi fruit, or Chinese gooseberry, is called a berry, that it is bought and sold as Chinese gooseberry, and that it is used as berries are used; hence, that it should be classified under the tariff provision for berries, since that is a more specific enumeration than is the fruit provision.

It is not wholly clear what plaintiffs mean by their argument that what is called a berry *is* a berry for tariff classification. The authority cited by plaintiffs for this proposition is the dictionary definition of berry. That definition comprehends any pulpy fruit *of small size*, with examples given as the strawberry, raspberry, checkerberry, hagberry, and hip of the rose, together with specific mention of the gooseberry as known in Scotland and northern England. Plaintiffs contend that these Chinese gooseberries fall within that definition, except that they are not of small size, a difference that is dismissed by plaintiffs as "a relative matter."

Exhibit 1, introduced by plaintiffs, is a specimen of the Kiwi fruit of these importations. (There are two entries covered by the protest.)

While obviously now deteriorated in condition and shrunken in size, it is still a large fruit, at least 2 inches long, not at all comparable in size to the small American gooseberries illustrated by defendant's exhibit A.

The considerable size of the Kiwi fruit is confirmed by a bulletin that was prepared by the New Zealand Department of Agriculture, which was introduced into evidence by plaintiffs. (Exhibit 3.) This bulletin illustrates the Kiwi fruit. It describes the approximate weight of four varieties, according to the number of fruits to the pound, as being respectively 7½, 8¾, 8, and 5½ fruits. A fruit which weighs 2 or 3 ounces is not of the size usual in a berry.

We do not share plaintiffs' indifference to this considerable difference in size between the large fruit before us here and the considerably smaller berries, known as such in commerce. While we do not state a general rule as to the size of berries, we are of opinion that a fruit 2 inches long and weighing at least a couple of ounces is of a size so much larger than a berry, that the difference ceases to be merely "a relative matter."

These fruits are not sold as gooseberries, although at times they are sold as Chinese gooseberries, usually with the parenthetical explanation that they are Kiwi fruit. This shows that they are not within the common meaning of berries, as that term is used in the trade and commerce of the United States. Berries, such as those of exhibit A, are the gooseberries known to the trade and commerce of the United States. Mr. Norman Sondag, vice president and treasurer of Ziel & Co., Inc., one of the plaintiffs here, was shown exhibit A. He said that exhibit A was gooseberry, but not a Chinese gooseberry, and that exhibit A is bought and sold simply as a gooseberry.

Plaintiffs appear to rest their case, in large part, on an alleged similarity of use as between the Kiwi fruit and the gooseberries of commerce. Both are edible foods. They are eaten in salad, or with cereal at breakfast, and raw or with sugar and cream. Such uses are not, of course, peculiar to berries. Fruits often are so eaten.

Chinese gooseberries are not eaten whole, as berries usually are. They must be peeled, and berries are not peeled. Chinese gooseberries are often sliced, but they may be broken in half and the contents scooped out with a spoon. We know of no berry, known as such in United States commerce, that is eaten by breaking it in half and scooping out the contents with a spoon.

Mr. Sondag seemed to rely more on botanical classification than is permitted to the court. Because melons and tomatoes, for example, are botanically classed as berries, even though one does not eat either the rind of cantaloupes (a berry, he said) or of Kiwi fruit, he said they both, nonetheless, are berries. His light-hearted rejoinder to

counsel was that they are all berries, even the grape, and (said he) "there is a joke about peeling a grape, a grape is a berry."

The wide variance between botanical classification and the common meaning of berry, is pointed up by the strawberry. Botanically, it is not a berry at all. Yet its succulent goodness is enjoyed by millions who call it a berry and who buy strawberries as berries. Tomatoes and bananas are berries, botanically speaking, but they are bought and sold, respectively, as vegetables and as fruits.

In *Wing Coffee Co., Ltd., et al.* v. *United States*, 53 Cust. Ct. 60, C.D. 2473, in which a fruit, asserted to be a Chinese olive, was claimed classifiable as olives, we pointed out that tariff classification does not necessarily follow botanical or other scientific classification. We said:

> What does control tariff classification, in the absence of a proved different commercial meaning, is the common meaning given to the enumerated term in the trade and commerce of the United States. *Neuman & Schwiers Co., Inc.* v. *United States*, 24 CCPA 127, T.D. 48606.

We there held that the Chinese fruit known as *larm*, sometimes sold as Chinese olives, did not fall within the tariff classification of olives, since they are not the article commonly known in the United States as olives.

The merchandise in the instant case, although sometimes sold as a Chinese gooseberry, is not the gooseberry known as such in the trade and commerce of the United States.

Fruits which are considered berries include certain fruits which are small and succulent, which may be and often are eaten whole, and which do not have to be and usually are not peeled. The fruit here is much larger. While the sample has deteriorated, it and the descriptions in plaintiffs' illustrative exhibit 3 show that it is a large and heavy fruit. The illustrations depict the fruit in chunks and slices. According to the evidence, the skins are not edible and care must be taken that the stiff brown hairs do not get into a prepared dish. The fruit may be cut in half and the pulp scooped out with a teaspoon, or it may be peeled and sliced, or otherwise used in the preparation of desserts, jams, jellies, and chutney. Most of these characteristics distinguish this fruit from "berries," as the term berrry is commonly understood.

For the reasons stated, we hold that the Chinese gooseberry, or Kiwi fruit, of this protest is not classifiable under paragraph 736 of the Tariff Act of 1930, as modified, as an edible berry, and that it was properly classified by the collector under the provision for fruits in their natural state, not specially provided for, under paragraph 752 of said tariff act, as modified.

The protest is overruled, and judgment will be entered for the defendant.